**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SELENE FINANCE, L.P., <br><br> Plaintiff, <br><br> v. <br><br> COBBLESTONE MANOR VI HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; GJL., INCORPORATED *doing business as* Pro Forma Lien & Foreclosure Services; <br><br> Defendants. | Case No.: 2:16-cv-00334-RFB-NJK <br><br> **ORDER** |
| SFR INVESTMENTS POOL 1, LLC <br><br> Counter Claimant <br><br> v. <br><br> SELENE FINANCE, L.P., <br> Counter Defendant | |

**I.    INTRODUCTION**

Before the Court are Defendant Cobblestone Manor VI Homeowners Association's Motion for Summary Judgment, Plaintiff Selene Finance, L.P.'s ("Selene") Motion for Partial Summary Judgment, Cross-Defendant Bank of America's ("BANA") Motion for Summary Judgment and Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Summary Judgment. ECF Nos. 73, 74, 75, 84. For the

following reasons, the Court grants Selene and BANA's motion for summary judgment, and denies the other motions.

## II. PROCEDURAL BACKGROUND

Plaintiff Selene filed its complaint against Defendants on February 18, 2016. ECF No. 1. The complaint seeks declaratory relief that a 2014 nonjudicial foreclosure sale conducted by a homeowners' association under Nevada Revised Statutes ("NRS") Chapter 116 did not extinguish a deed of trust on the subject property in this case. Id. Defendant Cobblestone Manor VI Homeowners Association answered the complaint on March 15, 2016. ECF No. 7. Defendant SFR answered the complaint on May 26, 2016 and asserted a cross-claim against BANA and counterclaims against Selene. ECF No. 23. On August 23, 2016, the Court administratively stayed the case pending the issuance of the Ninth Circuit Court of Appeals' mandate in the case Bourne Valley Court Trust v. Wells Fargo Bank. 832 F.3d 1154 (9th Cir. 2016) cert. denied 137 S. Ct. 2296 (2017). On December 20, 2018, the Court lifted the stay. ECF No. 59. On April 8, 2019, Cobblestone Manor VI Homeowners Association, Selene, and BANA all moved for summary judgment. ECF Nos. 73-75. All motions were fully briefed. ECF Nos. 77-81, 85, 87. On May 8, 2019, SFR also moved for summary judgment. That motion was also fully briefed. ECF Nos. 88, 89.

## III. FACTUAL BACKGROUND

The Court makes the following findings of disputed and undisputed facts:

### a. Undisputed Facts

Diane M. Ruhl[1] purchased property located at 4833 Captain McCall Street, North Las Vegas, NV 89031 on or around March 23, 2006. The property was subject to the conditions, covenants and restrictions

---

[1] Diane M. Ruhl was added to this action as a cross-claimant by SFR, however SFR voluntarily dismissed its counterclaims against her upon learning that she is deceased on August 16, 2016. ECF No. 46.

- 2 -

(CC&Rs) of the Cobblestone Manor VI Homeowners Association (the "HOA"), which required property owners to pay dues.

Ruhl obtained a refinance loan from Taylor, Bean & Whittaker Mortgage Corporation for $310,082.00, which was secured by a deed of trust recorded against the property on April 30, 2008. The deed of trust was assigned to BAC Home Loans Servicing ("BAC") in 2011. BAC merged into BANA effective July 1, 2011. BANA, as successor by merger to BAC, assigned the deed of trust to Selene in September 2014.

Ruhl fell behind on HOA assessments. Between July 15, 2010 and June 2013, the HOA, through its agent Defendant GJL Incorporated *dba* Pro Forma Lien and Foreclosure Services, recorded a notice of delinquent assessment, followed by a notice of default and election to sell, and a notice of foreclosure sale.

On or about July 15, 2013, BANA, Selene's predecessor-in-interest, requested through its counsel Miles, Bauer, Bergstrom & Winters, LLP ("Miles Bauer") a ledger from the HOA identifying the superpriority portion of the lien. The HOA, through its agent, sent BANA a statement of account with the total amount owed on the lien, which was $4759.92. The statement of account lists the monthly HOA assessment of $40. BANA determined after review of the ledger that the superpriority portion of the lien was $360.00, or nine months of monthly assessments. The statement of account did not list any maintenance or nuisance abatement charges. BANA, again through its counsel at Miles Bauer, sent a check for $360.00 to the HOA's counsel in August 2013. The HOA's counsel received the check on August 16, 2013, and rejected it. A foreclosure deed was recorded on August 6, 2014, stating that a foreclosure sale occurred on July 24, 2014, and that SFR purchased the property for $26,000.

**IV.     LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

The Court finds that summary judgment in favor of Selene and BANA is warranted. The facts indicate that tender by BANA of nine month's worth of HOA assessments prior to the foreclosure sale operated to preserve the deed of trust on the property. Bank of America, N.A. v. SFR Investments Pool 1, LLC ("Diamond Spur"), 427 P.3d 113, 121 (Nev. 2018) (tender of nine months of assessments equal to superpriority portion of lien preserves deed of trust); Bank of America, N.A. v. Arlington West Twilight Homeowners Ass'n, 920 F.3d 620 (9th Cir. 2019) (citing Diamond Spur). Because the Court finds that the issue of tender is dipositive in this matter, it dismisses all other claims and counter claims.

The Court rejects SFR's arguments regarding the admissibility of evidence showing tender and finds that SFR has done no more than raise metaphysical doubt as to whether or not tender was attempted and rejected. The Court incorporates by references its reasoning in Bank of New York Mellon v. Willow Creek Community Ass'n, which addresses the same arguments SFR raises here. No. 2:16-cv-00717-RFB-BNW, 2019 WL 4677009, at * 4 - *5 (D. Nev. Sept. 25, 2019). The Court also rejects SFR's arguments

regarding impermissible conditions accompanying the tender check for reasons articulated in that prior decision. Id.

Finally, the Court rejects the HOA's arguments regarding the alleged ambiguity of the language accompanying the tender check. The letter accompanying the check stated as follows:

> This is a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that BANA's financial obligations towards the HOA in regards to the real property located at 4833 Captain McCall Court have now been "paid in full." ECF No. 74-8.

The HOA argues that the term "paid in full" is inherently ambiguous and thus constitutes an impermissible condition accompanying the tender. The Court disagrees. First, the HOA identifies no controlling Nevada state authority to support its argument that the term "paid in full" is inherently ambiguous. The Court also remains unpersuaded by the HOA's policy arguments on this point. The HOA argues that "if Cobblestone [the HOA] willy-nilly risked accepting the tender, it would have been potentially vulnerable and left with uncollectable homeowner's assessments if BANA subsequently foreclosed on the property first." Cobbleston Mot Summ. J. 9, ECF No. 73. Essentially the HOA argues that because the letter did not address whether BANA or its successor-in-interest would have any future obligation to pay HOA fees were it to later become the title owner of the property, the phrase "paid in full" is ambiguous. The Court finds this to be nothing but pure conjecture, and an inappropriate basis for which to conclude that the letter is impermissibly conditional. The Court also agrees with Selene that the HOA fails to distinguish this argument from that raised and addressed by the Nevada Supreme Court in the case Fiducial, LLC v, Bank of New York Mellon. 432 P.3d 718 (Nev. 2018) (unpublished). In Fiducial, the Nevada Supreme Court found that a paragraph substantively identical to the one at issue in this case "can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which [the bank] might again need to cure a default as to the superpriority portion of the HOA's lien to protect its first deed of trust." Id.

Accordingly, the Court finds that while the nonjudicial foreclosure sale was valid, the deed of trust survived the sale.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Cobblestone Manor VI Homeowners Association's Motion for Summary Judgment (ECF No. 73) is DENIED as moot as the Court found the issue of tender dispositive and dismisses all claims for which Cobblestone sought summary judgment.

**IT IS FURTHER ORDERED** that Plaintiff Selene Finance, LP's Motion for Partial Summary Judgment (ECF No. 74) and Bank of America's Motion for Partial Summary Judgment (ECF No. 75) is GRANTED. The Court quiets title and declares that Defendant SFR Investments Pool 1, LLC acquired the property subject to Selene Finance, L.P.'s deed of trust.

**IT IS FURTHER ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Summary Judgment (ECF No. 84) is DENIED.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case (ECF Nos. 2,30) are expunged

**IT IS FURTHER ORDERED** that the cash deposit of $500, plus any accrued interest, be returned to the Legal Owner designated on the certificate ( ECF No. 22).

The Clerk of the Court is instructed to enter judgment accordingly and close the case.

DATED: March 24, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT COURT JUDGE**